**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CASE NO.:

PATTY GRISBY,

      Plaintiff,

v.

SOUTH OXFORD MANAGEMENT LLC,
a Foreign Limited Liability Company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATTY GRISBY ("Ms. Grisby" or "Plaintiff") files this Complaint against Defendant, SOUTH OXFORD MANAGEMENT LLC, ("SOM" or "Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3.      This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA claims.

4.      At all times relevant hereto, Plaintiff was an employee of Defendant.

5.      Plaintiff worked for Defendant in Duval County, Florida, and this venue is therefore proper.

6.      Defendant is a foreign limited liability company that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of the Court.

7.      At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health

condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9.    Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA because:

    a.    Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b.    Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

10.    Defendant was at all times an "employer" as envisioned by the FCRA.

## CONDITIONS PRECEDENT

11.    On or around December 2, 2019, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12.    More than 180 days have passed since the filing of the Charge of Discrimination.

13.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.    Ms. Grisby worked as a Community Manager for SOM from January 1, 2017, until her termination on March 14, 2019.

16.    In all regards, Ms. Grisby was a dedicated employee, who had no significant history of non-FMLA.FCRA related attendance, performance, or disciplinary issues.

17.    As a result, Ms. Grisby was awarded for the highest revenue growth in the South East region in 2018.

18.    Unfortunately, Ms. Grisby suffers from Lupus, which is considered a "protected disability" under the FCRA and a "serious health condition" under the FMLA.

19.    On February 11, 2019, Ms. Grisby was approved for intermittent FMLA leave from March 1, 2019, until September 1, 2019.

20.    However, upon being notified of Ms. Grisby's disability SOM failed to engage Ms. Grisby in the "interactive process" to ascertain what reasonable

accommodations, if any, would allow her to continue to perform the essential functions of her job.

21.     SOM constantly berated and harassed Ms. Grisby, while on medical leave, with text messages and directives.

22.     SOM treated Ms. Grisby different because she requested reasonable accommodations via intermittent FMLA leave.

23.     In doing so, Ms. Grisby engaged in protected activity under the FCRA.

24.     While on FMLA leave, Ms. Grisby felt if she did not continually work, her job would be in jeopardy.

25.     So instead of caring for her health, Ms. Grisby was subjected to further stress and as a result forced herself to return to work before she was medically ready to.

26.     The constant communications while on FMLA leave discouraged Ms. Grisby to take further leave as medically necessary.

27.     On March 14, 2019, within two (2) weeks of being approved for FMLA leave and using FMLA leave, SOM terminated Ms. Grisby.

28.     Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the FCRA, and the FMLA were intended to prevent.

29.     An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that

employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

30.     Ms. Grisby is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Community Manager.

31.     Allowing Ms. Grisby to utilize a brief period of unpaid leave to undergo treatment without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

32.     In reality, Defendant's termination of Ms. Grisby stemmed from its discriminatory animus toward her very recent use of leave, which was protected FMLA leave, and her need for accommodation under the FCRA.

33.     The timing of Plaintiff's termination makes the causal connection between her use of FMLA leave, her request for reasonable accommodation under the FCRA, and her termination sufficiently clear.

34.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

35.     The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

36.     Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

37.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

38.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

39.     In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Ms. Grisby based upon her disability.

40.     At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

41.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

42.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

43.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

44.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

45.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is protected class member as envisioned by the FCRA.

46.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

47.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

48.     Defendant also retaliated against Plaintiff for utilizing proper and authorized FMLA leave.

49.     Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

50.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Grisby notifying SOM of her serious health condition, and

in retaliation for Ms. Grisby utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

51.    Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA, and FMLA were intended to prevent.

52.    Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

53.    Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

54.    Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use and/or attempted utilization of what should have been protected FMLA leave.

55.    Defendant did not have a good faith basis for its actions.

56.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

57.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

58.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

59.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**UNLAWFUL INTERFERENCE UNDER THE FMLA**

60.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 8, 15 through 19, 21, 22, 24 through 38, 32, 33, 47 through 59, above.

61.    At all times relevant hereto, Plaintiff was protected by the FMLA.

62.    At all times relevant hereto, Defendant interfered with Plaintiff by harassing and targeting her after she disclosed her serious health condition, and while using FMLA leave.

63.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

64.    Due to Defendant's communications to Plaintiff during FMLA leave, Plaintiff was discouraged from taking further FMLA leave as medically necessary.

65.    As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66.    As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

67.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 8, 15 through 19, 21, 22, 24 through 38, 32, 33, 47 through 59, above.

68.     At all times relevant hereto, Plaintiff was protected by the FMLA.

69.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave.

70.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

71.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

72.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights

pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

74.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 46, 51, and 55 through 59.

75.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

76.     The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

77.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

80.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

81.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 46, 51, and 55 through 59.

82.     Plaintiff was terminated within close temporal proximity of her request for reasonable accommodations.

83.     Plaintiff's engaged in protected activity under the FCRA by disclosing her disability and requesting reasonable accommodations.

84.     Plaintiff was terminated as a direct result of her engaging in protected activity under the FCRA.

85.     Plaintiff's protected activity, and her termination, are causally related.

86.     Defendant's stated reasons for Plaintiff's termination are a pretext.

87.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

88.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

89.     Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

90.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 4th day of March, 2021.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com